STATE OF NORTH CAROLINA ᴇx ʀᴇʟ UTILITIES COMMISSION, TRIANGLE TELECASTERS, INC. AND SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY v. CHAPEL HILL TELEPHONE COMPANY AND GENERAL TELEPHONE COMPANY OF THE SOUTHEAST

No. 7110UC658

(Filed 20 October 1971)

Telephone and Telegraph Companies § 1; Utilities Commission § 2— telephone company operated by U.N.C. — jurisdiction of Utilities Commission

The Utilities Commission did not have jurisdiction to enter a regulatory order applicable to the telephone company operated by the University of North Carolina at Chapel Hill. G.S. 116-41.2(3).

APPEAL by defendants from the Order of the North Carolina Utilities Commission in Docket No. P-89, Sub. 2 dated 21 April 1971.

On March 23, 1970, Triangle Telecasters, Inc., (Telecasters) a corporation located in the Research Triangle Park between Raleigh, Durham and Chapel Hill, North Carolina, petitioned the North Carolina Utilities Commission to require the defendants, Chapel Hill Telephone Company, (Chapel Hill), General Telephone Company of the Southeast, (General), and Southern Bell Telephone and Telegraph Company, (Southern Bell), to initiate toll free extended area service between the communities of Raleigh, Durham and Chapel Hill and such other communities as the Commission in its discretion may order. On 8 April 1970, the Commission notified the defendants of the petition and ordered them to file answers thereto. The defendants answered and on 18 May 1970, the Commission ordered the answers served on the complainant. The complainant advised the Commission on 25 May 1970, that it desired the matter set for hearing. A hearing on the matter was set for 14 October 1970. On 30 September 1970, defendant, Chapel Hill, filed a motion to substitute answer and the substituted answer was allowed.

On 14 October 1970, defendant, Chapel Hill, filed a motion styled a Demurrer and Motion to Dismiss on the grounds that the Commission did not have jurisdiction to regulate service rendered or rates charged by Chapel Hill. In its motion, Chapel Hill requested that it be allowed to participate in the hearing

solely for the purpose of imparting and receiving information on the matters under consideration and reserved its right to object to and deny the application to it of any order entered by the Commission. The Commission ruled that it did not have jurisdiction over Chapel Hill and allowed the Demurrer but did not dismiss the petition. The Commission ruled that Chapel Hill would be allowed to participate in the hearing in the manner requested in the Motion.

The hearing was held and findings of fact made by the Commission. The Commission found as fact that there was sufficient traffic between Durham and Chapel Hill to require toll free extended area service between those cities and that there was not sufficient traffic between Raleigh and Durham and between Raleigh and Chapel Hill to require that Raleigh be included in the extended service at this time. Based on these findings, the Commission ordered defendants General and Chapel Hill to provide extended area service between Durham and Chapel Hill at the earliest practical and feasible time. The two companies were ordered to file planning and engineering schedules and cost data with the Commission. The docket was ordered held open for filing of reports and motions on the possibility of including Raleigh in the extended service in the future and on revisions in the method of computing the additional monthly rate required for the toll free extended area service. Petitioner's request that Raleigh be included in the extended area service was deferred, without prejudice, until there was sufficient traffic between Raleigh and the two other communities to justify such service.

From this order Chapel Hill and General appeal to the North Carolina Court of Appeals.

*Edward B. Hipp, Maurice W. Horne, William E. Anderson for North Carolina Utilities Commission, plaintiff appellee.*

*William A. Creech; Clark C. Havighurst for Triangle Telecasters, Inc., plaintiff appellee.*

*Newsom, Graham, Strayhorn, Hedrick & Murray by A. H. Graham, Jr., for General Telephone Company of the Southeast, defendant appellant.*

*Attorney General Robert Morgan by Assistant Attorney General I. Beverly Lake, Jr., for Chapel Hill Telephone Company, defendant appellant.*

CAMPBELL, Judge.

The appellants raise several issues on appeal to the Court. For the purposes of this decision it is necessary to consider only the issue raised by appellant Chapel Hill that the North Carolina Utilities Commission was without jurisdiction to issue regulatory orders to it.

Chapel Hill is a component of the University Enterprises operated by the University of North Carolina in the Town of Chapel Hill. G.S. 116-41.1(9). The statute G.S. 116-41.2(3) provided that the Board of Trustees of the University of North Carolina in the operation of the University Enterprises shall have the power "(t)o establish, maintain, revise, charge and collect such service charges (free of any control or regulation by any State regulatory body) as will produce sufficient revenues . . . . " Chapel Hill relied on this statute as grounds for its objection to the assertion of jurisdiction over it by the Utilities Commission, and the Commission concurred and ruled that it did not have jurisdiction over Chapel Hill.

We are of the opinion that this ruling reflects a proper interpretation of the statute. The language of the statute is unequivocal.

The General Statutes, (G.S. 62-3(23)), in establishing the Utilities Commission, defined a public utility over which the Commission would have jurisdiction, and did not include in that definition the State or any agency, such as the University of the State. The General Assembly in the 1971 Session (Chapter 634 effective 21 June 1971) recognized that Chapter 62 of the General Statutes which establishes the Utilities Commission did not apply to utilities operated by the University of North Carolina and added the following paragraph to G.S. 62-3(23):

> "e. The term 'public utility' shall include The University of North Carolina insofar as said University supplies telephone service, electricity or water to the public for compensation from the University Enterprises defined in G.S. 116-41.1(9)."

and by deleting in G.S. 116-41.2(3) the phrase "free of any control or regulation by any State regulatory body" and substituting in lieu thereof the phrase "free of any control or regulation by any State regulatory body until January 1, 1973, and

thereafter only by the North Carolina Utilities Commission." This statute was not in effect at the time of the hearing in this case nor on 21 April 1971 when the order appealed from was entered.

The fact that the appellant participated to a limited extent in the hearing does not confer jurisdiction on the Commission. The appellant expressly reserved its objection to the jurisdiction of the Commission. The appellant, even by its presence or consent, could not confer greater jurisdiction on the Commission than was conferred by the statutes establishing it.

> "No man can put himself in the place of the sovereign and make the adjudication of a court valid by ratifying an unauthorized exercise of power by its agent when the law of the land, which is the agent's power of attorney, declares that the court has no authority to render the judgment. . . . " *Springer v. Shavender,* 118 N.C. 33, 23 S.E. 976 (1896).

The order of the Commission in this case requires that General serving Durham, and Chapel Hill Telephone Company serving Chapel Hill provide extended area service between these two communities. The Order was based on the presumption that both companies would participate in providing the service. We have held that the order does not apply to Chapel Hill due to the absence of jurisdiction in the Commission. The practical question of whether this service can be provided by General, without the participation of Chapel Hill, is now presented. This is a question for the peculiar expertise of the Utilities Commission.

For the reasons stated above we order the Petition dismissed as to Chapel Hill and remand the case to the Utilities Commission for such action as may be appropriate.

Remanded.

Chief Judge MALLARD and Judge HEDRICK concur.